IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cr-30018 |
| ) | |
| BRADLEY SHELTON, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Bradley Shelton's Motion to Sever. (Doc. 128).

**I.    BACKGROUND**

On April 4, 2023, Shelton was indicted with one count of Conspiracy to Distribute Methamphetamine (Count One), and one count of Distribution of Methamphetamine (Count Five). As to Count One, Shelton's alleged co-conspirators are Vito Jachimiak, Sean Curtis, Nathaniel Kramer, Kristopher Rager, and Larry Beville. (Doc. 1 at 1-2). As to Count Five, the Indictment states that only Shelton, Rager, and Jachimiak "distributed 50 grams or more methamphetamine" on June 23, 2022. (*Id.* at 3-4). On November 13, 2023, Shelton was arraigned. (Minute Entry 11/13/2023).

On May 20, 2024, Shelton filed a Motion to Sever Counts One and Five from the remaining counts and seeks to sever the other defendants from both counts. (Doc. 128). On June 5, 2024, the Government filed its response, requesting that Shelton's Motion be denied in its entirety. On June 28, 2024, Shelton filed his reply.

## II. DISCUSSION

Federal Rule of Criminal Procedure 8(b) provides for the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Joinder under Rule 8(b) is proper "when the defendants are charged with crimes that well up out of the same series of such acts, but they need not be the same crimes." *United States v. Williams*, 553 F.3d 1073, 1078 (7th Cir. 2009), *citing United States v. Warner*, 498 F.3d 666, 699 (7th Cir. 2007). A conspiracy charge "combined with substantive counts arising out of that conspiracy is a proper basis for joinder under Rule 8(b)." *Williams*, 553 F.3d at 1078-79. "There is a strong preference that co-conspirators be jointly tried, particularly where, as here, they were indicted together." *United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2011); *see also United States v. Goodwin*, 496 F.3d 636, 644 (7th Cir. 2007) ("It is well settled that co-conspirators who are charged together should be tried together.").

Shelton first argues that Counts One and Five should be severed because there is no indication that Curtis, Kramer, or Beville were involved in the "same act or transaction," as they were not involved with the June 23, 2022 offense. A similar argument was rejected by the Seventh Circuit. In *Williams*, the defendant argued that his robbery was not related to the other robberies committed by his co-conspirators. 553 F.3d at 1079. The Seventh Circuit noted that although the defendant was not charged with every single count in the indictment, joinder was proper because the indictment related the charges against the defendant to the others through the conspiracy charge. *Id.* Thus, the Seventh Circuit concluded that "the conspiracy charge is a proper basis for joinder because it

sufficiently links the various robberies for Rule 8(b) purposes." *Id.* Likewise, although each co-conspirator here was not named in every count, joinder is still proper because each defendant—including Shelton—was named in the conspiracy charge. *See Williams*, 553 F.3d at 1079.

Next, Shelton argues that severance is appropriate due to the prejudice that would result to Shelton. Federal Rule of Criminal Procedure 14 recognizes that joinder, though it may be proper under Rule 8(b), may prejudice a defendant. Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Shelton argues that his speedy trial right will be violated without severance. He argues that his case will be dragged along with his co-defendants' cases, which would impede his right to a speedy trial. The Sixth Amendment guarantees an accused "the right to a speedy and public trial." U.S. Const. amend. VI. However, Shelton has filed numerous motions to continue throughout the pendency of this case, making the delays attributable to him and it does not appear he has demanded a trial. (Docs. 101; 112; 116). Additionally, the delays associated with the filing of the instant motion are attributable

to Shelton. *See* 18 U.S.C. § 3161(h)(1)(D). Finally, Defendant's argument regarding the arraignment of his co-defendant was resolved on June 6, 2024.

Shelton also argues he may be prejudiced if the Government attempts to introduce Rager's statement against him. In response, the Government asserts that it is unaware of any statements made by Rager that inculpate Shelton, aside from those already disclosed. Because Shelton's claim that there *might* be a statement made by Rager is speculative, he has not met his burden of showing actual prejudice. And, "even if the defendants can show prejudice, that alone may not necessarily suffice for them to prevail; limiting instructions will often cure any risk of prejudice, and tailoring relief from prejudice is within the district court's discretion." *United States v. Carter*, 695 F.3d 690, 701 (7th Cir. 2012).

Finally, in ruling on a motion to sever under Rule 14, courts exercise discretion and balance the inconvenience and expense of separate trials against the prejudice to defendants that may flow from a joint trial. *United States v. Maggard*, 865 F.3d 960, 971 (7th Cir. 2017). Joint trials "reduce the expenditure of judicial and prosecutorial time," "reduce the claims the criminal justice system makes on witnesses," and give "the jury the best perspective on all the evidence," thereby increasing "the likelihood of a correct outcome." *United States v. Moore*, 115 F.3d 1348, 1362 (7th Cir. 1997).

The facts here do not warrant a severance. Count One of the indictment charges Shelton and his codefendants in a conspiracy. Separate trials would undoubtedly require duplicative presentation of evidence and the empanelment of an additional jury, circumstances that undermine judicial economy. Two trials would also double the

amount of time and resources that prosecutors, witnesses, and courtroom staff must spend in administering the case. As this Court has noted, any risk of prejudice to Shelton remains too slight to warrant severance, particularly when weighed against the issues created by separate trials.

### III. CONCLUSION

For the forgoing reasons, Shelton's Motion to Sever (Doc. 128) is DENIED.

ENTER: July 29, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE