## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) <br> ) | Case No. 23-cr-30018 |
| BRADLEY SHELTON,<br>    Defendant. | ) <br> ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are the Government's *Santiago* Proffer (Doc. 208), Defendant Bradley Shelton's Brief in Opposition to the Government's *Santiago* Proffer (Doc. 225), and the Government's Response to Defendant's Brief (Doc. 226). The Government has also filed the alleged co-conspirator statements as a Supplement to its *Santiago* Proffer (Doc. 223).

Federal Rule of Evidence 801(d)(2)(E) provides that a "statement" is not hearsay if it "is offered against a party" and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." The Government seeks to admit against Defendant Shelton multiple recorded statements during and in furtherance of the conspiracy. Defendant contends that the evidence he was involved in the conspiracy is "razor-thin and not worth the risk of a mistrial." (Doc. 225 at 2).

In *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978), the Seventh Circuit approved a pretrial procedure whereby the Court determines whether to admit coconspirator testimony based on the Government's proffer that it has sufficient evidence

of a conspiracy to prove the existence of a conspiracy by a preponderance of the evidence at trial. *Id.* at 1130-31. Admission of such testimony against a defendant is proper if the government establishes by a preponderance of the evidence that: (1) a conspiracy existed; (2) the defendant and declarant were members of the conspiracy; and (3) the statements were made "during the course and in furtherance of the conspiracy." *United States v. Leonard-Allen*, 739 F.3d 948, 955 (7th Cir. 2013). The Court's inquiry involves determining "if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy." *Santiago*, 582 F.3d at 1134. The Court may consider the statements sought to be admitted in determining whether the three *Santiago* criteria have been met. *Bourjilay v. United States*, 483 U.S. 171, 176-81 (1987). If the Court determines the statements are admissible, the jury may consider them for any purpose. *United States v. Thompson*, 944 F.2d 1331, 1345 (7th Cir. 1991).

While the Court may consider the contents of the proffered statements as evidence of the conspiracy, there must some supporting evidence or facts confirming the existence of a conspiracy and a defendant's participation. *United States v. Harris*, 585 F.3d 394, 398-99 (7th Cir. 2009) (citing *Bourjilay*, 483 U.S. at 180-81). Such evidence may be either direct or circumstantial. *United States v. Johnson*, 592 F.3d 749, 754-55 (7th Cir. 2010).

"A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense." *Salinas v. United States*, 522 U.S. 52, 63 (1997). The government need not prove that a defendant knew each and every detail of

the conspiracy or that defendant knew each and every conspirator. *United States v. Longstreet*, 567 F.3d 911, 919 (7th Cir. 2009).

To be "in furtherance" of the conspiracy, "the coconspirator's statement need not have been exclusively, or even primarily, made to further the conspiracy." *United States v. Cruz-Rea*, 626 F.3d 929, 937 (7th Cir. 2010) (internal quotation marks and citation omitted). The government meets its burden even if the statement is subject to alternative interpretations as long as "some reasonable basis exists for concluding that the statement furthered the conspiracy." *Id.* The fact that statements were made to a government cooperating witness or undercover agent does not bar admission of statements otherwise "in furtherance of" the conspiracy. *United States v. Mahkimetas*, 991 F.2d 379, 383 (7th Cir. 1993).

Defendant contends that the Government's statement in the *Santiago* proffer that "Shelton at least conspired with Rager to travel to Lincoln Illinois and distribute a kilo of methamphetamine" demonstrates the weakness of the Government's case by using the words "at least." (Doc. 225 at 2). Defendant acknowledges that the Government has presented evidence of Facebook messages between the undercover agent, confidential source, and co-Defendant Vito Jachimiak indicating that Defendant was a customer or distributor working for co-Defendant Kristopher Rager.

The Government's *Santiago* proffer indicates that Shelton conspired with Rager to travel to Lincoln and distribute a kilo of methamphetamine. The evidence showed Rager was conspiring with Jachimiak. Defendant and Rager communicated about the trip over Facebook before driving. On June 24, 2022, they drove from Hopkinsville, Kentucky to

3:23-cr-30018-CRL      # 242      Filed: 05/05/25      Page 4 of 5

Lincoln to meet an individual they did not know in a Walmart parking lot. Upon arrival, Defendant informed the undercover agent he was not comfortable completing the transaction in front of the camera in the parking lot. Defendant was present when Rager, the undercover agent, and Jachimiak discussed whether the undercover agent would take one kilo or two kilos. Defendant handed the methamphetamine to the undercover agent and received the money for the methamphetamine. After the transaction, Defendant drove to Decatur to drop off the second kilo with co-Defendant Sean Curtis.

According to the Government's *Santiago* Proffer, the Facebook Messenger conversations between Rager and Defendant show that Defendant was aware Rager was distributing methamphetamine and was Rager's customer and/or distributor. The messages indicate Defendant owed Rager money, which the Government believes to have been a drug debt, providing both knowledge and motive for Defendant to participate in the delivery of methamphetamine on June 24, 2022. It is irrelevant whether Defendant knew any other of the conspirators besides Rager or that he knew all of the details of the conspiracy. *Longstreet*, 567 F.3d at 919.

Upon reviewing the Government's *Santiago* Proffer and co-conspirator statements supplementing the proffer along with both parties' briefs on the issue, the Court finds by a preponderance of the evidence that a conspiracy to distribute methamphetamine existed, Defendant Bradley Shelton joined that conspiracy with the goal of furthering the conspiracy, and coconspirators made statements during and in furtherance of the conspiracy that are admissible. The conversations are connected to the June 24, 2022, delivery of methamphetamine. This is sufficient to establish that the statements furthered

Page 4 of 5

the conspiracy. Therefore, the Government is permitted to introduce the proffered co-conspirator statements in its case in chief during Defendant's trial.

ENTER: May 5, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE